UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY JUNE TAYLOR EL,

    Plaintiff,

v.

    Case No. 2:14-cv-12365
    Judge Paul D. Borman
    Magistrate Judge Anthony P. Patti

U.S. GOVERNMENT,
WAYNE COUNTY and
WAYNE COUNTY TREASURER,

    Defendants.

_____/

# REPORT AND RECOMMENDATION REGARDING SHOW CAUSE ORDER RESPONSE (DE 16) AND SUBJECT MATTER JURISDICTION

## I.    RECOMMENDATION:

The Court should dismiss Plaintiff's June 17, 2014 complaint (DE 1) for Plaintiff's failure to plead as required by Fed. R. Civ. P. 8(a)(1), show cause as directed by the Court on April 30, 2014 (DE 15), or otherwise demonstrate that this Court has subject matter jurisdiction.

## II.    REPORT:

### A.    **Background and Pleadings**

1

Plaintiff Betty June Taylor EL filed the instant lawsuit *in pro per* against Defendants U.S. Government, Wayne County and Wayne County Treasurer on June 17, 2014.  DE 1.  Within the statement of her claim, Plaintiff appears to cite 31 U.S.C. § 3123 ("Payment of obligations and interest on the public debt"), 31 U.S.C. § 5103 ("Legal tender"), 12 U.S.C. § 1813 ("Definitions") and Uniform Commercial Code § 9-210 ("Request for Accounting; Request Regarding List of Collateral or Statement of Account.").  DE 1 at 1-2.  Plaintiff's request for relief states:

> I want Wayne Cou[n]ty and the Wayne County Treasurers Office to adjust my account, or give back the instrument and grant me any punitive and sta[t]utory damages th[e] … Court deems appropriate and to stay any and all actions to sell the properties at auctions or by any and all other means[.]

DE 1 at 3.  Among the attachments to her complaint are photocopies of what purports to be a $26,000 check dated June 6, 2014 made payable to the Wayne County Treasurer and what appears to be a Statement of Account for several Detroit properties:  $10,000.00 for 19190 Gilchrist; $5,000.00 for 16155 Blackstone; $6,000.00 for 11393 N. Martindale; and $5,000.00 for 19783 Stout.  DE 1 at 4, 6.  Also attached to the complaint is documentation related to USPS Tracking Number 70131710000085090934 indicating delivery on June 10, 2014 (DE 1 at 8-10).

It appears that Plaintiff filed this lawsuit to challenge the balance of the property tax account(s) for these four (4) properties.  Among other things, Plaintiff alleges that she checked the Wayne County Treasurer's website on June 17, 2014, but the account(s) had not been reconciled.  DE 1 at 2.

On September 9, 2014, Defendants Wayne County and Wayne County Treasurer filed an answer and affirmative defenses.  DE 11.  In their affirmative defenses, Defendants challenge this Court's subject matter jurisdiction with respect to the relief Plaintiff seeks, pleading:

> This Court lacks subject matter jurisdiction to entertain the relief sought by Plaintiff since it is premised on a matter arising under state law and is wholly within the province of state courts. Pursuant to the Tax Injunction Act, ("TIA"), 28 USC § 1341, federal district courts are prohibited from enjoining, suspending, or restraining an assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

DE 11 at 2-3, ¶ 2.

Plaintiff's complaint does not contain a statement of jurisdiction.  Although Plaintiff's complaint makes reference to some federal statutes (DE 1 at 2), it is not clear whether, if at all, Plaintiff is attempting to allege that a federal law has been violated and, if so, how.  Moreover, while the cover sheet for Plaintiff's complaint indicates that the basis of jurisdiction is that the U.S. Government is a Defendant (DE 1 at 11), it is not clear why the U.S. Government has been named as a Defendant.  In fact, the case caption states, "US GOVERNMENT dba [doing

3

business as] WAYNE COUNTY dba WAYNE COUNTY TREASURER[.]" DE 1 at 1.

### B. Show Cause Order and Response

Accordingly, on April 30, 2015, this Court entered an "Order Requiring Plaintiff to Show Cause Why this Case Should not be Dismissed for Lack of Subject Matter Jurisdiction." (DE 15.) Specifically, within its Order, the Court noted that, "[I]t is not clear whether, if at all, Plaintiff is attempting to allege that a federal law has been violated and, if so, how." (DE 15 at 4.) Further, the court noted that is "not clear why the U.S. Government has been named as a defendant." (*Id*.) Accordingly, Plaintiff was ordered to show cause in writing by May 15, 2015, "why the United States Government should be named as a party and why the Court should not dismiss this lawsuit on the basis that this Court lacks subject matter jurisdiction to award the relief Plaintiff seeks." (Id. at 4-5).

Plaintiff responded to the show cause order, *in pro per,* on May 14, 2015 (DE 16). In support of her response she cites, *inter alia,* the local rules of the *Western* District of Michigan and various federal cases by which the judicial officers of this Circuit "are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common-law authorities" that less stringent pleading standards apply to *pro se* litigants, that they are entitled to "the opportunity to submit evidence in support of

4

their claims," and that the "court errs if [it] dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." (DE 16 at 1-2.) Plaintiff then cites the 1937 *Declaration of Interdependence of the Governments within the United States of America in Common Council* in support of her unorthodox views on "Cooperative Federalism"[1] and makes an unspecified reference to "a hidden tier of government," through which she argues that the state

---

[1] Cooperative Federalism is defined as "Distribution of power between the federal government and the states in which each recognizes the powers of the other while jointly engaging in certain governmental functions." Black's Law Dictionary (9th ed. 2009). *See **Murphy v. Waterfront Comm'n of New York Harbor,*** 378 U.S. 52, 56 (1964) ("This has become especially true in our age of 'cooperative federalism,' where the Federal and State Governments are waging a united front against many types of criminal activity."), *overruled in* **United States v. Balsys,** 524 U.S. 666 (1998). It has sometimes been thought of by its critics as a "'threa[t]' to 'political accountability.'" *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 132 S. Ct. 2566, 2633, n. 17 (2012). Depending on whether one sees the glass as "half full" or "half empty," the very opposite characterization can be made. *Id.* at 2633 ("It could similarly have established Medicaid as an exclusively federal program. Instead, Congress gave the States the opportunity to partner in the program's administration and development. Absent from the nationalized model, of course, is the state-level policy discretion and experimentation that is Medicaid's hallmark; undoubtedly the interests of federalism are better served when States retain a meaningful role in the implementation of a program of such importance."); *Murphy* at n. 5 ("And the sentiments relating to the rules of war between government and governed do not apply where the two are not at war…."); *see also,* Caminker, *State Sovereignty and Subordinacy*, 95 Colum. L. Rev. 1001, 1002-1003 (1995) (cooperative federalism can preserve "a significant role for state discretion in achieving specified federal goals, where the alternative is complete federal preemption of any state regulatory role"); Rose-Ackerman, *Cooperative Federalism and Co-optation*, 92 Yale L. J. 1344, 1346 (1983) ("If the federal government begins to take full responsibility for social welfare spending and preempts the states, the result is likely to be weaker . . . state governments.").

governments have "migrated toward operation as instrumentalities of the United States" since 1933, "on a par with the District of Columbia, Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Northern Mariana Islands…." (*Id*. at 2-3.)[2] She therefore concludes that the "Charter County of Wayne County [is] incorporated and a U.S. Person" such that "[b]oth the State of Michigan and Wayne County are instrumentalities of the U.S. government." (*Id*. at 4.) Therefore, according to her, "there is subject matter jurisdiction no matter what the Defendants are named as they fall as one under the territorial clause and the Declaration of Governmental Interdependence." (*Id*.)

While much of Plaintiff's response to the show cause order can only be accurately described as "incomprehensible gibberish,"[3] I am able to detect the kernel of a legal argument, which essentially urges this Court to find that: (1) the system of federalism upon which our Constitution and form of government is based no longer exists; (2) the division of powers between the federal and local governments is a nullity; such that (3) the Wayne County Government does not

---

[2] In support of this definition, she cites 22 U.S.C. § 3102, from the section of the Code which deals with "international investment and trade in services survey," for the unremarkable proposition that the term "'United States', *when used in a geographic sense,* means the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Canal zone, and all territories and possessions of the United States." (emphasis added)

[3] This is an expression used with great relish by the Supreme Court in *Stewart v. United States,* 366 U.S. 1, 3, 6 (1960).

really exist, all levels of government in reality being subsumed into the federal government; and, therefore, (4) the federal courts should hear this case.

Notwithstanding my ability to discern what predominantly appears to be Plaintiff's *political views* on the current state of American government, she does not appear to have complied with the Court's April 30, 2015 order, having failed to "show cause…why the United States Government should be named as a party and why the Court should not dismiss this lawsuit on the basis that [it] lacks subject matter jurisdiction to award the relief Plaintiff seeks." (DE 15 at 4-5.) Specifically, Plaintiff fails to demonstrate under what authority this Court could adjust her account for county property taxes, "give back the instrument," and/or to "stay any and all actions to sell the properties at auctions," *see* DE 1 at 3, notwithstanding the statutory prohibition cited by Defendants, 28 U.S.C. §1341, which reads:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341 ("Taxes by States"); *see also* DE 11 at 2-3 ¶ 2.

Defendants' point is well taken. *See Dawson v. Childs*, 665 F.2d 705, 709-710 (5th Cir. 1982) (action to enjoin enforcement of tax liens upon property falls within the ambit of actions prohibited by 28 U.S.C § 1341). The clear and direct

language of this statute unambiguously mandates that aggrieved taxpayers seeking to enjoin enforcement of state taxes must seek their remedies in state courts, where, as here, state courts provide appropriate remedies. *A Bonding Co. v. Sunnuck,* 629 F.2d 1127 (5th Cir. 1980).[4] The property taxes with which this plaintiff takes issue arise under Michigan state law; "Michigan provides a 'plain, speedy and efficient remedy' for tax disputes," *Conely v. Township of York*, 76 F.App'x 49, 51 (6th Cir. 2003); and, this Court is prohibited from enjoining, suspending or restraining their assessment, levy or collection.

Moreover, and contrary to Plaintiff's perception that there is no distinction between the federal government on one hand, and state and local governments on the other, the Tenth Amendment to the United States Constitution states that, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The "power to levy a property tax is one of those powers reserved to the states by the Tenth Amendment," which the State of Michigan may delegate to local government. *City of Sault Ste. Marie, Mich. v. Andrus*, 458 F. Supp. 465, 473-74 (D.D.C. 1978); *see also, Miller v. Bauer*, 517 F.2d 27, 30 (7th Cir. 1975).

---

[4] Had this case started in state court and been removed here, the applicability of 28 U.S.C. §1341 would have required that the matter be remanded, even if diversity existed. *Soo Line R. Co. v. City of Harvey,* 424 F. Supp. 329 (D.N.D. 1976).

Finally, I address Plaintiff's admonition to this Court that it "errs if [it] dismisses the pro se litigant without instruction [as to] how [her] pleadings are deficient and how to repair [her] pleadings." (DE 16 at 1-2.) Plaintiff was given fair warning that this case would likely be dismissed if she failed to demonstrate federal subject matter jurisdiction. In fact, the Court's April 30, 2015 show cause order made clear that Plaintiff's complaint is deficient, because it "does not contain a statement of jurisdiction." In so doing, the Court even listed some of the potential bases for this Court's jurisdiction. (DE 15 at 4.) Moreover, it made clear that the pleadings fail to make clear "why the U.S. Government has been named as a defendant." (*Id*.) Plaintiff has not availed herself of the opportunity in her May 14, 2015 response to demonstrate this Court's jurisdictional authority to hear this case– nor has she sought leave to amend her pleadings – because she cannot. Even if the pleadings were amended to reflect Plaintiff's views on the dominance of the Federal Government over property taxes in Wayne County, Michigan, the Court would still lack subject matter jurisdiction as a matter of law. Amendment of the pleadings here would be futile. *Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 444 (6th Cir. 2014) ("Leave to amend a complaint, it is true, should be 'freely given when justice so requires.' Fed.R.Civ.P. 15(a). Yet a court may deny leave on the basis of delay, bad faith, dilatory motive or futility.") (referencing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Plaintiff having failed to

9

comply with the earlier show cause order and having failed to identify a valid jurisdictional basis for the case to proceed here, it is recommended that her case be **DISMISSED** without prejudice.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 20, 2015	s/Anthony P. Patti
	Anthony P. Patti
	UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing documents was sent to parties of record on August 20, 2015, electronically/and or by U.S. Mail.

	s/Michael Williams
	Case Manager for the
	Honorable Anthony P. Patti

11